**FILED**

MAY - 3 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PAUL BURKE, *Pro Se*　　　　　　　|
29 Dance Lane　　　　　　　　　　|
Harpers Ferry, WV 25425　　　　　|
304-876-2227,　　　　　　　　　　|
　　　　　　　　　　　　　　　　|
　　　　Plaintiff,　　　　　　　　|
　　　　　　　　　　　　　　　　|
v.　　　　　　　　　　　　　　　|
　　　　　　　　　　　　　　　　|
U.S. DEPARTMENT OF HEALTH AND　|
　　HUMAN SERVICES　　　　　　　|
200 Independence Ave., S.W.　　　|
Washington, DC 20201-0004,　　　　|
　　　　　　　　　　　　　　　　|
　　　　Defendant.　　　　　　　　|

**Case: 1:16-cv-00825 (I Deck)**
**Assigned To : Cooper, Christopher R.**
**Assign. Date : 5/3/2016**
**Description: FOIA/Privacy Act**

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, Paul Burke, brings this action for declaratory and injunctive relief, alleging as follows:

### NATURE OF ACTION

1.　　This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, as amended, to compel the production of certain agency records, described below in paragraph 10 and in Exhibit 1, attached.

2.　　The records are explanatory material which the government wrote for distribution to medical offices, to enable those offices, in turn, to provide the material to Medicare patients.

3.　　The government improperly denied Plaintiff's FOIA request for the material after 590 days, citing privilege. The administrative appeal has been pending for over 400 days. Since the appeal has been pending more than 20 working days, Plaintiff has exhausted his administrative remedies (5 U.S.C. § 552(a)(6)(A)(ii) and § 552(a)(6)(C)).

**RECEIVED**

MAY - 3 2016

Clerk, U.S. District and
Bankruptcy Courts

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

5.      Venue lies in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §1391.

## PARTIES

6.      Plaintiff is an individual who manages an informational website, to educate people about Medicare issues.

7.      Defendant, U.S. Department of Health and Human Services ("HHS"), is an agency of the United States. The Centers for Medicare and Medicaid Services ("CMS") is a component agency of Defendant HHS. Defendant has possession of and control over the records that Plaintiff seeks.

## FACTS AND LAW

8.      In 2011 CMS issued a Final Rule which allows medical providers to form "Accountable Care Organizations" ("ACOs") and to participate in them, as one approach in caring for Medicare patients under the traditional Fee for Service ("FFS") program (42 CFR 425.20).

9.      In 2013 Plaintiff filed a FOIA request (attached as Exhibit 1). The government assigned Control # 071620137079 to the FOIA request.

10.     The request asked for "signs," "standardized written notices," "templates," and "model language," which CMS gives to medical providers in Accountable Care Organizations. The providers must offer some of the material to Medicare patients, and may offer them the rest. The following wording identifies this material. The government used this wording when it published the Final Rule (76 *Federal Register* 67946-67947, 11/2/11):

- "CMS will develop appropriate language" for signs, which medical providers must display to patients.

- Medical providers must "make available standardized written notices developed by CMS to the Medicare FFS beneficiaries whom they serve."

- CMS may supply "templates or model language for ACOs to use in marketing materials".

11.     The codification of the Final Rule confirms that participating doctors must,

- "Make available standardized written notices regarding participation in an ACO" (42 CFR 425.312(a)(3)).

- "Use template language developed by CMS, if available" (42 CFR 425.310(c)(1)).

- "Post signs in their facilities to notify beneficiaries [Medicare patients] that their ACO providers/suppliers are participating in the Shared Savings Program" (42 CFR 425.312(a)(2)). "Shared Savings Program" is the umbrella term for the Medicare program which ACOs participate in (42 CFR 425.10).

12.     After numerous phone calls between the parties, on February 25, 2015, Mr. Hugh Gilmore of CMS sent Plaintiff a letter (attached as Exhibit 2) saying there are 17 pages of responsive records, but all were withheld under exemption 5 of the FOIA (5 U.S.C § 552(b)(5)).

13.     The denial's reference to exemption 5 made conclusory mention of civil discovery privileges, attorney-client privilege and deliberative process privilege. It did not explain how any of these privileges applies to information already released to the public, *i.e.* doctors participating in Accountable Care Organizations, pursuant to a Final Rule. ACOs are independent legal entities, separate from the government (42 CFR 425.104).

14.     The documents are not pre-decisional, since Medicare has approved them for release to doctors in Accountable Care Organizations and to Medicare patients. The documents cannot contain recommendations on legal or policy matters, nor personal medical information, since their purpose is to tell patients factual information about the Accountable Care Organizations.

15.    A claim of privilege cannot apply to information that is "made available" to the public.

16.    HHS regulations say that its use of exemption 5 covers,

- "internal government communications and notes that fall within a generally recognized evidentiary privilege. Internal government communications include an agency's communications with an outside consultant or other outside person, with a court, or with Congress, when those communications are for a purpose similar to the purpose of privileged intra-agency communications" (45 CFR 5.66).

17.    HHS regulations also say,

- "If we have released a record, or a part of a record, to others in the past, we will ordinarily release it to you also. However, we will not release it to you if a statute forbids this disclosure, and we will not necessarily release it to you if an exemption applies in your situation and did not apply, or applied differently, in the previous situations" (45 CFR 5.32).

18.    HHS has released the material covered by the FOIA request to doctors in Accountable Care Organizations, for use by Medicare patients, but has not released it to the Plaintiff, and has not explained why the material can be released to one and not the other.

19.    Mr. Gilmore, before he denied Plaintiff's FOIA request, told Plaintiff orally that the "program office" did not want to provide the information, because it thought,

- Plaintiff might mis-represent himself as an Accountable Care Organization (though the concern is baseless, and the denial of FOIA rights is not a solution).

- The papers are "commercial secrets" (though they were written by the government).

- The papers are "deliberative" (though CMS has released them to doctors in Accountable Care Organizations, for patients' use).

20.     Plaintiff timely filed an administrative appeal, within the required 30 days (45 CFR 5.34).
HHS signed for receipt of the appeal on March 26, 2015, which was 29 days after the February
25, 2015 denial letter.

21.     On June 4, 2015 Plaintiff contacted the Office of Government Information Services
("OGIS"), since one of its functions is to "offer mediation services to resolve disputes" under the
FOIA (5 U.S.C § 552(h)(3)). OGIS found the appeal was "pending review" at HHS but HHS had
no estimate for its completion date. OGIS said, "At this time, OGIS cannot offer you any
additional assistance" on August 31, 2015.

22.     On January 24, 2016 Mr. Derrick McNeal of HHS telephoned Plaintiff and said HHS
policy is that only Accountable Care Organizations have access to the written material.

23.     HHS has not given any written decision on the administrative appeal, and over 400 days
have passed since HHS received it.

INJURY

24.     Plaintiff is injured by lacking information, which he wants to make available to the
public, about the government's relationship with certain Medicare providers, the Accountable
Care Organizations, and he is injured by the improper withholding of agency records to which he
is entitled.

25.     Plaintiff cannot get the records elsewhere. Medicare providers are not required to use all
the government's model language, so the only way to see it all is to get it from the government.

REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

    A. Declare that Defendant's failure to disclose the records requested by Plaintiff is unlawful;

B.  Order Defendant to make the requested records available to Plaintiff within 10 days from

the date of the Order;

C.  Award Plaintiff his costs and reasonable attorney fees, if any, in this action, pursuant to 5

U.S.C. § 552(a)(4)(E)(i); and

D.  Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Paul Burke, *Pro Se*
29 Dance Lane
Harpers Ferry, WV 25425
304-876-2227
PaulBurke@Globe1234.info

May 3, 2016

## EXHIBIT 1 - FOIA REQUEST FROM PAUL BURKE SUBMITTED TO HHS ONLINE JULY 15, 2013,
## CONTROL # 071620137079

I request copies of language provided by Medicare to Accountable Care Organizations for signs and informing beneficiaries about the Shared Savings Program, as identified on pp.67946-67947 of the Federal Register 11/2/11 (ACO Final Rule)


P.67946 said Medicare would provide language for signs and notices:

"Nor should posting signs be inappropriately burdensome, since CMS will develop appropriate language"

"make available standardized written notices developed by CMS"

P.67947 said Medicare may provide language for marketing materials:

"To the extent that CMS supplies templates or model language for ACOs to use in marketing materials, we will ensure it complies with the Plain Writing Act of 2010."


The signs and notices tell patients that the facility is part of an ACO, that the patient may go elsewhere if desired, how to opt out of data sharing, and other issues.


I requested signs and written notices from aco@cms.gov, and they answered, " We provide the standardized written notices to ACOs upon acceptance to the program. They are not available on our website." (see below)

So Medicare was able to identify what I need, and it is readily available.


I am an individual seeking information for personal use and not for a commercial use.

I am willing to pay fees for this request up to a maximum of $100. If you estimate that the fees will exceed this limit, please inform me first.

I request that the information I seek be provided in electronic format, by email.

If you have any questions about handling this request, you may call me at 304-876-2227.

----------------
from: Globe1234.com Researcher
to: aco@cms.hhs.gov
sent: Wed, Jul 10, 2013 at 3:46 PM
subject: standardized written notices developed by CMS

Dear Ms Weiss:

The 11/2/11 final rules for ACOs say participants will provide the public:

"standardized written notices developed by CMS" to tell patients that the facility is part of an ACO,

and the patient may go elsewhere if desired. (Federal Register 11/2/11 p.67946)

I do not find these "standardized written notices" on your websites. Could you point me to a link, or

send them to me?

I am interested in handouts and signs if you have standard versions.

Thank you,

Paul Burke

304-876-2227

-------------
from: CMS ACO - CMSACO@cms.hhs.gov
to: Globe1234.com Researcher
date: Thu, Jul 11, 2013 at 5:32 AM
subject RE: standardized written notices developed by CMS

Dear Mr. Burke,

Thank you for your interest in the Medicare Shared Savings Program. We provide the standardized

written notices to ACOs upon acceptance to the program. They are not available on our website.

Sincerely,

Medicare Shared Savings Program Staff
7500 Security Blvd. Baltimore, MD 21244
ACO@cms.hhs.gov

## EXHIBIT 2 - DENIAL LETTER FROM HHS TO PAUL BURKE

DEPARTMENT OF HEALTH & HUMAN SERVICES
Centers for Medicare & Medicaid Services
7500 Security Boulevard, Mail Stop N2-20-16
Baltimore, Maryland 21244-1850



**Office of Strategic Operations and Regulatory Affairs /Openness, Transparency and Accountability Group**

Refer to: Control Number 071620137079 and PIN [Private identifiers redacted]

Paul Burke

FEB 2 5 2015

Dear Mr. Burke:

This is in response to your July 15, 2013, Freedom of Information Act (FOIA) (5 U.S.C. §
552) request submitted to the Center for Medicare & Medicaid Services (CMS) or one of
this agency's Medicare contractors via letter, facsimile transmission or e-mail seeking
copies of language provided by Medicare to Accountable Care Organization for signs and
informing beneficiaries about the Shared Savings Program. Documents responsive to
your request, consisting of 17 pages, were forwarded to this agency because of my
responsibility for administering the FOIA.

After a careful review of the 17 pages forwarded to this office for review and release determination, I
have determined to withhold the materials in their entirety, under Exemption 5 of the FOIA (5
U.S.C. § 552(b)(5)).

Exemption 5 of the FOIA permits an agency to withhold "inter-agency memorandums or letters
which would not be available by law to a party other than an agency in litigation with the
agency." Documents that are privileged in the context of civil discovery are thus exempt from
release under Exemption 5. Among the civil discovery privileges incorporated into Exemption 5
are attorney-client privilege and the deliberative process privilege.

Exemption 5's Deliberative Process Privilege is being invoked in order to prevent injury to the
quality of agency decisions by preserving the ability of agency employees to engage in free and
candid discussions on matters of policy. The Deliberative Privilege applies to inter-agency or
intra-agency communications that are (1) pre-decisional, i.e. antecedent to the adoption of an
agency policy and (2) deliberative, i.e. a direct of the part of the deliberative process in that it
makes recommendations on legal or policy matters.

Page 2 - Burke

You have the right to appeal this decision. To do so, you must put your appeal in writing
and send it within 30 days to: The Deputy Administrator and Chief Operating Officer,
CMS, Room C5-16-03, 7500 Security Boulevard, Baltimore, Maryland 21244-1850.
Please mark the envelope containing your letter of appeal, "Freedom of Information Act
Appeal" and enclose a copy of this letter with your appeal.

Sincerely,

Hugh Gilmore
Director
Division of Freedom of Information

Enclosure