UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

PAUL BURKE, *Pro Se*

    Plaintiff,

vs.                                                                Case: 1:16-cv-00825 (CRC)

U.S. DEPARTMENT OF HEALTH AND
    HUMAN SERVICES

Defendant.

## PLAINTIFF'S MOTION FOR PARTIAL VOLUNTARY DISMISSAL AND AWARD OF COSTS

Pursuant to Federal Rules of Civil Procedure 41(a)(2), Plaintiff Paul Burke respectfully moves for the voluntary dismissal of his claim for the records covered by this action, and petitions the Court for an award of costs as provided by the Freedom of Information Act ("FOIA"), 5 U.S.C. §442(a)(4)(E).

Plaintiff received the documents specified in the FOIA request by email on June 8, which was 1,059 days after the FOIA request was filed, and 36 days after this court case was filed.. Plaintiff now only seeks payment of his $400 filing fee.

### CHRONOLOGY

On July 15, 2013, Plaintiff submitted a FOIA request to the Centers for Medicare and Medicaid Services ("CMS"), which is part of the US Department of Health and Human Services ("HHS"). His request asked for explanatory material which CMS wrote and distributed to certain medical offices. Those offices, in turn, provide the material to Medicare patients.

On February 25, 2015, after 590 days and numerous phone calls between the parties, Mr. Hugh Gilmore of CMS sent Plaintiff a letter saying there were 17 pages of responsive records, and he had decided to withhold all of them under exemption 5 of the FOIA, which covers inter-agency and intra-agency privileged deliberations (5 U.S.C § 552(b)(5)).

On March 26, 2015, HHS received Plaintiff's administrative appeal. This was 29 days after the February 25, 2015 denial letter, so it was within the required 30 days (45 CFR 5.34).

On June 4, 2015, Plaintiff contacted the Office of Government Information Services ("OGIS"), since one of its functions is to "offer mediation services to resolve disputes" under the FOIA (5 U.S.C § 552(h)(3)). OGIS found the appeal was "pending review" at HHS but HHS had no estimate for its completion date. OGIS said, "At this time, OGIS cannot offer you any additional assistance" on August 31, 2015.

On January 24, 2016 Mr. Derrick McNeal, who works for Mr. Gilmore, called Plaintiff and said HHS policy is that only Accountable Care Organizations have access to the written material, so Plaintiff could not have it. However no written decision was issued on the appeal.

On May 3, 2016, Plaintiff filed this court action.

On June 7, 2016, Mr. Gilmore (who issued the original denial) and two of his staff, Mr. McNeal and Mr. Paul Levitan, telephoned the Plaintiff to convince him to withdraw the administrative appeal. Mr. Gilmore explicitly said he was "aware of the litigation," but was not seeking withdrawal of the litigation, which could continue. He said that if Plaintiff sent an email withdrawing the administrative appeal, HHS would send the requested documents within three days. If Plaintiff did not withdraw the administrative appeal and waited for a decision, HHS would take 5-6 weeks or possibly years to send the same information. Mr. Gilmore offered to send a "document saying the court case survives" in the absence of the administrative appeal, though Plaintiff was not clear how that would work. Plaintiff was not willing to drop the administrative appeal before seeing the documents, and with no agreement in writing.

On June 8, 2016, the next day, Mr. Gilmore's office emailed the documents to Plaintiff, despite having said resolution would take 5-6 weeks, or years. Plaintiff accepts HHS' representation that these are all the documents.

## ELIGIBILITY FOR AWARD OF COSTS

5 U.S.C. § 552(a)(4)(E) says,

"(i) The court may assess against the United States… litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

"(ii) For purposes of this subparagraph, a complainant has substantially prevailed if the complainant has obtained relief through… a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial."

For almost three years HHS improperly refused to release the documents. But FOIA staff released them 35 days after the court case was filed, one day after FOIA staff said they were aware of the court case, and the same day the HHS answer to the Court was originally due. The timing of this "unilateral change in position by the agency" was too close to be coincidental.

## ENTITLEMENT FOR AWARD OF COSTS

Four aspects entitle the plaintiff to an award of his minimal costs (Davy v. CIA, 550 F.3d 1155, 1159 (D.C. Cir. 2008)):

**(1) Public benefit derived from the case** - Medicare has 430 Accountable Care Organizations in 49 states and DC, serving 7.7 million patients (CMS Press release June 6, 2016, "Medicare Makes Enhancements to the Shared Savings Program…"). Information on doctors' incentives and cost cutting in these organizations is important to patients and for public policy. Medicare has now finally released the documents which show specifically how doctors must inform patients on these and other issues. Plaintiff has already posted the documents on the web for anyone to see, and he is preparing an analysis for publication.

**(2) Lack of commercial benefit to the plaintiff** - Plaintiff derives no income from the information, nor from his website, which does not take advertisements and is maintained as a contribution to the public interest.

**(3) Nature of the plaintiff's interest in the records** - Plaintiff needed the information to report fully on how Medicare patients are informed about Accountable Care Organizations. Plaintiff has long had an article, posted online, about the lack of information for patients on how these organizations affect their care, and he can now make the article more complete by showing the extent of information which the government provides.

**(4) Reasonableness of the agency's withholding of the requested documents** - There was no basis for withholding, since a claim of privilege cannot apply to information that is "made available" to the public. Furthermore the median time to process a simple FOIA request at CMS in 2013-2015 ranged from 10 to 14 days (*HHS Freedom of Information Annual Reports*), while CMS took hundreds of days for this request.

Plaintiff should not have had to pay $400 and bring this into court, in order to get 17 pages which were clearly not privileged and were not exempt from disclosure.

Plaintiff could have come to court sooner, but he hoped to get the information from HHS, without resort to court.

Plaintiff has not prepared a draft order, since he understands West Virginia law does not permit a non-lawyer "to prepare for another legal instruments of any character" (WV State Bar, Committee on the Unauthorized Practice of Law, Opinion 2007-01, page 2).

June 11, 2016                                                     Respectfully submitted,

*Paul Burke*

———————————————
Paul Burke, *Pro Se*
29 Dance Lane
Harpers Ferry, WV 25425
304-876-2227
PaulBurke@Globe1234.info