UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PAUL BURKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-CV-825 (CRC) |
| | ) | |
| U.S. DEPARTMENT OF HEALTH | ) | |
| AND HUMAN SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ANSWER

Defendant U.S. Department of Health and Human Services hereby answers Plaintiff Paul Burke's complaint ("Complaint") as follows:

1. Paragraph 1 contains Plaintiff's characterization of this action, to which no response is required.

2. Defendant denies the allegations contained in Paragraph 2.

3. Defendant admits the allegations contained in Paragraph 3, except denies that the government improperly denied Plaintiff's Freedom of Information Act ("FOIA") request.

### JURISDICTION AND VENUE

4. Paragraph 4 contains conclusions of law, to which no response is required.

**5.** Paragraph 5 contains conclusions of law to which no response is required.

### PARTIES

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7. Defendant admits the allegations contained in Paragraph 7.

## FACTS AND LAW

8. Paragraph 8 purports to characterize a final rule, to which no response is required. The rule speaks for itself and is the best evidence of its contents.

9. Defendant admits the allegations contained in Paragraph 9.

10. Paragraph 10 contains Plaintiff's characterization his FOIA request and purports to characterize a final rule, to which no response is required. Plaintiff's FOIA request and the rule speak for themselves and are the best evidence of their contents.

11. Paragraph 11 purports to characterize federal regulations, to which no response is required. Those regulations speak for themselves and are the best evidence of their contents.

12. Defendant denies the allegations contained in Paragraph 12, except admits that Hugh Gilmore of CMS sent Plaintiff a letter that is dated February 25, 2015. The letter speaks for itself and is the best evidence of its contents.

13. The first and second sentences of Paragraph 13 provide Plaintiff's characterization of a letter from CMS dated February 25, 2015, to which no response is required; the letter speaks for itself and is the best evidence of its contents. The third sentence of Paragraph 13 purports to characterize a regulation and/or is a conclusion of law, to which no response is required; the regulation speaks for itself and is the best evidence of its contents.

14. Paragraph 14 consists of Plaintiff's opinions regarding FOIA exemptions, to which no response is required. To the extent that the allegations are deemed to be factual, Defendant denies the allegations.

15. Paragraph 15 appears to consist of a legal conclusion, to which no response is required.

16. Paragraph 16 purports to characterize certain HHS regulations, to which no response is required. Those regulations speak for themselves and are the best evidence of their contents.

17. Paragraph 17 purports to characterize certain HHS regulations, to which no response is required. Those regulations speak for themselves and are the best evidence of their contents.

18. Defendant denies the allegations in Paragraph 18, except admits that it has released the materials requested by Plaintiff to approved Accountable Care Organizations.

19. Paragraph 19 purports to provide statements allegedly made by Hugh Gilmore during one or more telephone conversations with Plaintiff and Plaintiff's opinions about such statements, to which no response is required. To the extent a response is required, Defendant denies.

20. Defendant admits the allegations contained in Paragraph 20.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22. Defendant admits the allegations contained in Paragraph 22.

23. Defendant admits the allegations contained in Paragraph 23.

#### INJURY

24. Defendant denies that Plaintiff has suffered any injury or that Defendant's withholding was improper. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation as to what he wants to do with the information that he requested.

25. Defendant denies the allegations contained in Paragraph 25.

### **REQUEST FOR RELIEF**

The remaining paragraphs of the Complaint consist of a prayer for relief, to which no response is required. Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

Defendant hereby denies all allegations not expressly answered or qualified herein.

\* \* \*

WHEREFORE, Defendant prays that the Court dismiss the Complaint with prejudice, at Plaintiff's cost, and grant such other and further relief as the Court deems just and proper.

Dated:  July 27, 2016

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
United States Attorney for the District of Columbia

DANIEL F. VAN HORN, D.C. Bar # 924092
Chief, Civil Division

By:  /s/ Marsha W. Yee
MARSHA W. YEE
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
Telephone:  (202) 252-2539
Facsimile:  (202) 252-2599
Email:  Marsha.Yee@usdoj.gov

*Counsel for Defendant*