UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL BURKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 16-CV-825 (CRC) |
| | ) |
| U.S. DEPARTMENT OF HEALTH | ) |
| AND HUMAN SERVICES, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION TO DISMISS AND**
**OPPOSITION TO PLAINTIFF'S MOTION FOR COSTS**

Defendant respectfully moves to dismiss Plaintiff's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  In support of this motion, Defendant respectfully refers the Court to the accompanying memorandum of law and the exhibits attached thereto.  For the reasons stated in the attached memorandum, the Court should also deny Plaintiff's Motion for Award of Costs, ECF No. 9.  Attached is a proposed order.

Dated:  July 28, 2016

                                                  Respectfully submitted,

                                                  CHANNING D. PHILLIPS, D.C. Bar # 415793
                                                  United States Attorney for the District of Columbia

                                                  DANIEL VAN HORN, D.C. Bar # 924092
                                                  Chief, Civil Division

                                                  By:  /s/ Marsha W. Yee
                                                  MARSHA W. YEE
                                                  Assistant United States Attorney
                                                  Civil Division
                                                  555 4th Street, N.W.
                                                  Washington, D.C. 20530
                                                  Telephone:  (202) 252-2539
                                                  Facsimile:  (202) 252-2599
                                                  Email:  Marsha.Yee@usdoj.gov

                                                  *Counsel for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL BURKE, )<br>)<br>       Plaintiff, )<br>)<br>v.              )<br>)<br>U.S. DEPARTMENT OF HEALTH )<br>AND HUMAN SERVICES, )<br>)<br>       Defendant. )<br>_____) | Civil Action No. 16-CV-825 (CRC) |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
## AND OPPOSITION TO PLAINTIFF'S MOTION FOR COSTS

Defendant United States Department of Health and Human Services ("HHS") has tried to resolve this Freedom of Information Act ("FOIA") case without the Court's intervention: HHS released the documents that Plaintiff Paul Burke requested, and offered to reimburse him for the $400 fee he paid to file this action.

On June 30, 2016, purportedly pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, Burke filed his "Notice of Dismissal of Complaint," ECF No. 8. On July 11, 2016, Burke filed his second motion for $400 in costs "to keep this case moving, in case settlement negotiations fail to resolve the remaining issue of cost." Pl.'s Mot. for Award of Costs, ECF No. 9, at 1; *see also* Pl's Mot. for Partial Voluntary Dismissal & Award of Costs, ECF No. 6.

Burke's "Notice of Dismissal" was ineffective because "notices of dismissal must be unconditional." *Amore v. Accor N. Am.*, 529 F. Supp. 2d 85, 91 (D.D.C. 2008). "Rule 41(a)(1) provides a 'simple, self-executing mechanism,' whereby 'the plaintiff files a notice of dismissal[;] . . . the dismissal takes effect automatically[; and] the trial judge has no role to play

at all.'" *Id.* at 90-91. "Conditional notices of dismissal are not within the scope of Rule 41(a)(1) because 'the clerk will have to construe the condition and perhaps even become a factfinder to determine when the condition is satisfied. This defeats the purpose of Rule 41(a)(1) to provide a quick, automatic means of ending an action.'"" *Id.* at 91. Significantly, the Clerk has not closed this case, and should have done so if Burke's "Notice of Dismissal" was effective. *Cf., e.g., Law Office of Joseph D. Glazer, P.C. v. Dep't of Health and Human Servs.*, No. 15-CV-423 (RJL), ECF No. 3.

HHS filed its answer to Burke's complaint yesterday. It now moves to dismiss this case for lack of jurisdiction, and opposes Burke's motion for costs. This case became moot once HHS released the requested records to Burke on June 8, 2016, and thus the Court lacks jurisdiction for this case. The Court should deny Burke's request for costs because, *inter alia*, (i) the released information contributes little to the fund of public knowledge given that Accountable Care Organizations have been making that information available to Medicare patients, (ii) Burke appears to have personal interests that motivate him to bring lawsuits absent the additional incentive of an award of costs, and (iii) HHS took a colorable position on declining to release the requested documents to Burke.

Accordingly, the Court should dismiss this case for lack of jurisdiction and deny Burke's request for costs.

**I. THIS CASE IS MOOT AND THUS THE COURT SHOULD DISMISS IT FOR LACK OF JURISDICTION**

"Article III's limitation of federal-court jurisdiction to cases and controversies requires that 'an actual controversy . . . be extant at all stages of review, not merely at the time the complaint is filed.'" *Bayala v. U.S. Dep't of Homeland Sec.*, No. 14-5279, 2016 WL 3524098, at *2 (D.C. Cir. June 28, 2016). "As such, '[i]f an intervening circumstance deprives the plaintiff

of a personal stake in the outcome of the lawsuit, at any point during the litigation, the action can no longer proceed and must be dismissed as moot.'" *Id.* "In the FOIA context, that means that once all the documents are released to the requesting party, there no longer is any case or controversy." *Id.*; *see also Competitive Enter. Instit. v. U.S. Envtl. Prot. Agency*, No. 15-346 (ABJ), 2016 WL 355067, at *3 (D.D.C. Jan. 28, 2016) ("[A]s the D.C. Circuit has explained, however fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform.") (internal quotation marks omitted).

    HHS released all responsive documents to Burke on June 8, 2016. Ex. A (Gilmore Decl.) ¶ 19. Burke acknowledges that he received the documents he requested. *E.g.*, ECF No. 6 at 1 ("Plaintiff received the documents specified in the FOIA request by email on June 8[.]"); ECF No. 8 at 1 ("Plaintiff received the documents sought in this case on June 8."). Accordingly, this case is moot, and the Court must dismiss it for lack of jurisdiction.

## II.   THE COURT SHOULD DENY BURKE'S MOTION FOR COSTS

    "To obtain attorneys' fees [or costs] under FOIA, a plaintiff must satisfy two requirements." *McKinley v. Fed. Hous. Fin. Agency*, 739 F.3d 707, 710 (D.C. Cir. 2014); *see also* 5 U.S.C. § 552(a)(4)(E)(i) (providing that a court "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under [the FOIA] in which the complainant has substantially prevailed"). "First, he must be eligible for fees, which requires that he 'substantially prevail' as defined by 5 U.S.C. § 552(a)(4)(E)(ii)." *McKinley*, 739 F.3d at 710. "Second, an eligible plaintiff must demonstrate that he is entitled to fees." *Id.*

A complainant has "substantially prevailed," in relevant part, if "the complaint has obtained relief through . . . a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii). In other words, a plaintiff may claim eligibility for costs if "the litigation *substantially caused* the requested records to be released." *Conservation Force v. Jewell*, No. 12-CV-1665 (KBJ), 2016 WL 471252, at *4 (D.D.C. Feb. 5, 2016) (emphasis added) (internal quotation marks omitted). "[T]he mere filing of the complaint and subsequent release of documents, without more, will *not* suffice to show a causal nexus." *Id.* (internal quotation marks omitted).

The Court need not decide whether this action "substantially caused" the requested records to be released. Instead, the Court may assume *arguendo* that Burke has satisfied the eligibility requirement, and proceed to deciding whether Burke satisfies the entitlement requirement. *See McKinley*, 739 F.3d at 710 (deeming "appropriate" the district court's decision to "assume[] arguendo that [plaintiff] satisfied the eligibility requirement and conclude[] that he nonetheless failed to satisfy the entitlement requirement").

"This circuit has long applied a multi-factor standard for evaluating whether a plaintiff who is eligible for attorneys' fees is also entitled to such fees." *Id.* at 711. "Four non-exclusive factors typically govern the entitlement inquiry: (1) the public benefit derived from the case; (2) the commercial benefit to plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) the reasonableness of the agency's withholding of the requested documents." *Id.* (internal quotation marks omitted). "In practice, [the Circuit] ha[s] often combined the second and third factors into a single factor assessing whether a plaintiff has sufficient private incentive to seek disclosure of the documents without expecting to be compensated for it." *Id.* (internal quotation marks omitted). "No factor is dispositive, and sifting of th[e] criteria over the facts of a case is a

matter of district court discretion." *Conservation Force*, 2016 WL 471252, at *5 (internal quotation marks omitted). "[T]he touchstone is always whether an award of attorney fees [or costs] is necessary to implement the FOIA." *Id.* "[E]ven after finding eligibility and entitlement, district courts retain the discretion to modify a fee [or costs] award based on the reasonableness of the request and the particular facts of the case." *Id.*

"The first factor considers the significance of the contribution that the released information makes to the fund of public knowledge." *Id.* "The public benefit factor weighs in favor of granting attorneys' fees [or costs] 'where the complainant's victory is likely to add to the fund of information that citizens may use in making vital political choices.'" *People for the Ethical Treatment of Animals v. Nat'l Instits. of Health & Human Servs.*, 130 F. Supp. 3d 156, 164 (D.D.C. 2015). The documents that HHS released to Burke contribute little information to the fund of public knowledge because the information contained therein was and is made available to approved Accountable Care Organizations, which then makes such information available to Medicare patients. *See* Ex. A (Gilmore Decl.) ¶¶ 9, 12, 15, 16. While it is arguable that some public benefit might be derived from Burke's case, any such benefit is minimal. *See Tax Analysts v. U.S. Dep't of Justice*, 759 F. Supp. 28, 30 (D.D.C. 1991) ("[E]ven prior to the institution of this litigation, the public had the benefit of access to all or most of this information, albeit not always in the preferred timely fashion. Thus, the Court concludes that while the public does stand to benefit from this litigation, that benefit is less than overwhelming."). Accordingly, the first factor does not favor Burke.

As for the second and third factors, "[t]hey weigh against an award where the plaintiff 'seeks disclosure for a commercial benefit or out of other personal motives.'" *People for the Ethical Treatment of Animals*, 130 F. Supp. 3d at 165. "[E]ven if a party was not motivated by

commercial gain, the Court may consider other personal motives that would serve as an incentive 'to pursue the release of documents regardless of the availability of fees under FOIA.'" *Tax Analysts*, 759 F. Supp. at 30. Here, like the plaintiff in *Tax Analysts*, Burke "was not motivated simply by altruistic instincts, but rather by [his] desire for efficient, easy access to [records]," and "the information was already available." *Id.* at 31. That "certainly is a personal interest which could motivate plaintiff to bring this lawsuit absent the additional incentive of an award of attorney's fees [or costs]." *Id.* In addition, given that HHS already offered to reimburse Burke for the $400 filing fee to moot this case in its entirety, Burke appears to derive psychic pleasure from filing lawsuits. *See* Ex. B (Stewards of the Potomac Highlands, Take Action) at 3 (Paul Burke's Experiences) ("I have filed various legal actions without a lawyer."), http://www.potomacstewards.com/action. That too is a personal interest that could motivate a plaintiff to sue absent the additional incentive of an award of costs. Accordingly, the second and third factors do not favor Burke.

The fourth factor "considers whether the agency's opposition to disclosure had a reasonable basis in law" and "whether the agency had not been recalcitrant in its opposition to a valid claim or otherwise engaged in obdurate behavior." *McKinley*, 739 F.3d at 712 (internal quotation marks omitted). "The government's decision to withhold information may have a reasonable basis in law even if the information was ultimately not found to be exempt." *People for the Ethical Treatment of Animals*, 130 F. Supp. 3d at 165. While HHS' explanation for its initial withholding of the requested documents is not a model of clarity, it essentially declined to release these documents to Burke because it only releases those documents to approved Accredited Care Organizations via a restricted system that requires obtaining and utilizing an user ID and password. *See* Ex. A (Gilmore Decl.) ¶¶ 11, 12. HHS' processing of Burke's

commercial gain, the Court may consider other personal motives that would serve as an incentive 'to pursue the release of documents regardless of the availability of fees under FOIA.'" *Tax Analysts*, 759 F. Supp. at 30. Here, like the plaintiff in *Tax Analysts*, Burke "was not motivated simply by altruistic instincts, but rather by [his] desire for efficient, easy access to [records]," and "the information was already available." *Id.* at 31. That "certainly is a personal interest which could motivate plaintiff to bring this lawsuit absent the additional incentive of an award of attorney's fees [or costs]." *Id.* In addition, given that HHS already offered to reimburse Burke for the $400 filing fee to moot this case in its entirety, Burke appears to derive psychic pleasure from filing lawsuits. *See* Ex. B (Stewards of the Potomac Highlands, Take Action) at 3 (Paul Burke's Experiences) ("I have filed various legal actions without a lawyer."), http://www.potomacstewards.com/action. That too is a personal interest that could motivate a plaintiff to sue absent the additional incentive of an award of costs. Accordingly, the second and third factors do not favor Burke.

The fourth factor "considers whether the agency's opposition to disclosure had a reasonable basis in law" and "whether the agency had not been recalcitrant in its opposition to a valid claim or otherwise engaged in obdurate behavior." *McKinley*, 739 F.3d at 712 (internal quotation marks omitted). "The government's decision to withhold information may have a reasonable basis in law even if the information was ultimately not found to be exempt." *People for the Ethical Treatment of Animals*, 130 F. Supp. 3d at 165. While HHS' explanation for its initial withholding of the requested documents is not a model of clarity, it essentially declined to release these documents to Burke because it only releases those documents to approved Accredited Care Organizations via a restricted system that requires obtaining and utilizing an user ID and password. *See* Ex. A (Gilmore Decl.) ¶¶ 11, 12. HHS' processing of Burke's

request was delayed because, *inter alia*, the search for responsive records was initially directed to a component that did not have any responsive records, and staffing changes. *Id.* ¶¶ 8, 11. As for Burke's contention that HHS' appeal process is not independent, *see* ECF No. 9 at 5-6, that is belied by Exhibit 4 to his motion, ECF No. 9-1 at 10. Accordingly, the fourth factor does not favor Burke.

Burke fails to meet his burden of showing that he is entitled to costs, or that the Court should exercise its discretion to award him costs. Under these circumstances, the Court should deny Burke's request for costs.

## CONCLUSION

For the foregoing reasons, the Court should dismiss this case for lack of jurisdiction, and deny Plaintiff's Motion for Award of Costs in its entirety.

Dated: July 28, 2016

    Respectfully submitted,

    CHANNING D. PHILLIPS, D.C. Bar #415793
    United States Attorney for the District of Columbia

    DANIEL F. VAN HORN, D.C. Bar # 924092
    Chief, Civil Division

    By: /s/ Marsha W. Yee
    MARSHA W. YEE
    Assistant United States Attorney
    Civil Division
    555 4th Street, N.W.
    Washington, D.C. 20530
    Telephone: (202) 252-2539
    Facsimile: (202) 252-2599
    Email: Marsha.Yee@usdoj.gov

    *Counsel for Defendant*