**Exhibit B**



# Stewards of the Potomac Highlands
PotomacStewards.com

## RIP Bill Howley

The citizens of West Virginia lost a friend in 2015, Bill Howley. We came to know him through his efforts in organizing opposition to the PATH high-voltage powerline proposal in 2009/10. He encouraged and inspired over 100 people to intervene in the case before the WV PSC, and PATH was defeated in WV.

> Bill Howley, 62, of Chloe died on April 23 in a car accident near Exit 79 on I-79. He was on his way to a meeting in his capacity as the recently-hired program director for WV SUN, an organization that promotes self-reliance through solar cooperatives in West Virginia. His last views were almost surely of the beautiful spring leaves and redbud blossoms.

Full obit at http://calhounpowerline.com.

## Tricks of the Trade - Getting Involved

When motivated corporations or agencies want to win government approval of their land-grabbing or -destroying project, they reach into their bag of tricks. Here are some tactics that have been used in in approving windmills, power lines, roads, mines, and subdivisions:

| Their Actions | Possible Responses |
| --- | --- |
| Hire a lawyer from every law firm in town to do small tasks for them; keeps you from using a local lawyer due to conflict of interest. | Represent yourself or get advice from out-of town lawyer. Most work is done by phone and mail, so they don't have to be local. |
| Send spies to join your group. | Stay honest & legal. Be cagy with your strategy. |
| Hold their own 'public meetings' early in the process to sap your energy before the government hearings. | Don't publicize them. Explain to your supporters these are not the real place to speak or learn honestly about the project. |
| Pack the government public hearings with a paid, pro-development crowd. | Get there early, speak knowledgeably. Most boards will approve unless you can show non-compliance, so research the board's criteria and the relevant law, and submit your points in writing at the hearing. |
| When you file petitions, they mail propaganda to the signers, saying they got the address from you, or that the government asked them to respond. | Be careful about submitting addresses of people with only a slight commitment to your cause. Since legal points are the main way to win anyway, use sign-up sheets instead of petitions to collect contact info. |
| Give verbal assurances that they later renege on | Insist that they put everything in writing up front. |
| Give written assurances, but renege anyway. "Oops! We're sorry. The contractor (or private landowner) did it, not us. Oh well, what's done is done." | Be aware of the specific issues that the government will enforce. Mistrust other written assurances, unless you'll have legal standing to go to court and let them know that you will do so if needed. |
| Say "We'll do some light trimming so our surveyors have clear sightlines." Then they clearcut. | Put it in writing: "No cutting." Be there when they are working. Have a lawyer's phone number. Or don't let them survey before approval. |

| | |
|---|---|
| Say "Everything is preliminary, it's too early for that right now," then later you find out it is too late. | Raise all issues in writing as soon as you find out about them. Know the deadlines for government decisions and for your possible appeal. |
| Tell you it's a done deal, so take what you can get. | Check into the process, then negotiate or appeal to the next level. |
| Tell lies or exaggerations about you and your cause. | Sue for slander/libel (not a nuisance suit, though). Even if you represent yourself, they'll pay a lawyer, and may hesitate next time. |

## Representing Yourself without a Lawyer

Overview

You can save a lot of money in enforcing environmental rules by representing yourself, without a lawyer. If individuals file a case any or all of them can represent themselves. Organizations usually have to be represented by a lawyer, rather than by a non-lawyer.

It's very hard to win with or without a lawyer. It takes time to teach a lawyer all the issues & earn or raise money to pay the endless bills. With a lawyer you often can't afford to go beyond the first level. On your own you can keep going as long as your motivation lasts.

If you can't afford a lawyer, yet have a good case, it's better to do it yourself than not do it at all. At least there's some chance: things may change for the better while the case is in court; you may settle for something; or you may win!

Doing it yourself takes time to watch similar cases, and study their files, so you learn how to write what you need; time to read the rules; time to write, often with 10- to 30-day deadlines, and then a long pause until the next rush. Sometimes you need a couple hundred dollars for filing fees, copying, postage, travel & a hotel if there's a hearing in Charleston. If you can afford a little more, you can pay a lawyer to give you ideas or look at your drafts. If you get to court and a judge orders mediation you would have to pay half the mediator's cost, but presumably you could withdraw your case if the cost was too high.

Citizens have sometimes been sued for damages when they appeal. Then citizens have sometimes settled the original case and paid no damages, or have countersued & won damages rather than paying them. Circuit Judge Wilkes discusses citizen rights to appeal, and some protections from damages in his 4/27/07 ruling for citizens in Jefferson County civil case 04-C-191 pages 15-20. Those citizens defended themselves with a lawyer. By all means consult a lawyer if you are sued. If anyone knows WV cases where environmentalists have ever had to pay damages for their appeals, let us know.

Let us know if it would help you to have a workshop on representing yourself in environmental cases.

What's Involved in an Administrative Appeal?

If the WV Department of Environmental Protection (DEP) makes a decision which does not meet the minimum standards in the law, and if you are affected (e.g. it's your permit, or you swim, boat, fish, or use the water downstream), you can appeal within 30 days of their decision to the WV Environmental Quality Board (46CSR4), Air Quality Board, or Surface Mine Board. Instructions are on their websites. More information is on a separate page.

After the Board decides, either side can (within 30 days) appeal to Kanawha County Circuit Court if necessary, then to the WV Supreme Court, and then to federal courts. Each step takes months. I was involved in one case where the other side appealed to Circuit Court and got no answer for a year. The WV Supreme Court takes seems to take a year or more.

All 3 Boards may refer to the WV Rules of Civil Procedure. and Rules of Evidence.

What's Involved in Court?

The rules above apply to Circuit Courts too, and courts also follow the Rules Governing Administrative Appeals. The WV Supreme Court has its own Rules of Appellate Procedure.

There's no filing fee at the Boards. There's a $150 fee at Circuit Court. There's a fee to copy the file if you go to the WV Supreme Court.

To file at Circuit Court you fill out some cover pages and a statement of your "Complaint." Ask the Circuit Court to see some files on similar cases, and you will start learning how to proceed. You provide multiple copies, and the fees, possible including fees to have the Sheriff serve a copy on the other side.

At Circuit Court, the Judge may order a scheduling conference, and then typically the side appealing to Court writes up its arguments (double-spaced 12 point type, called a Brief, though it may be dozens of pages long), then the other side answers, then the first side makes a final response. When you're appealing from one of the Boards, you can quote the evidence presented to the Board. You usually don't need to and aren't allowed to bring in new evidence, and there is no jury.

If your complaint is against a company for pollution, rather than against DEP for DEP actions and inactions, then you can give them 60 days notice and sue the company directly in Circuit Court. Minnesota produced a good short guide.

If you lose in Circuit court, you can file more papers to appeal to the WV Supreme Court. If they have a first hearing about whether to hear the case, only the appealer (appellant) can speak. If 3 of the 5 vote to hear the case, the appellant has 30 days to file your Brief, the other side has 30 days to respond, and the appellant haa 15 days for a final response. Then there will probably be a hearing in Charleston where both sides speak, and a written decision.

Paul Burke's Experiences

I have filed various legal actions without a lawyer. In 2003 I appealed the statewide permit controlling storm water running off construction sites, and had 2 days of hearings at the EQB. They denied most of my analysis of how the permit did not protect water from mud, but they did change the permit to require each construction site to have an entrance sign. You may have seen these black and white signs around the state, telling the public what is being built & how to contact DEP and the builder.

In 2004 other citizens and I filed another appeal which resulted in a settlement where DEP set up mailing lists to tell concerned citizens in each county when to comment on pollution permits. You can sign up for these free lists.

In 2000 I "intervened" in a case at the WV Public Service Commission (PSC) on when WV would need a second telephone Area Code. By 2003 the PSC staff and phone companies unanimously recommended to the PSC a second area code which would change the area code for everyone in the northeastern half of the state. I opposed it with some facts in a letter, which the PSC considered enough reason to postpone action until 2008. Then they finally approved an area code only for new phone numbers, not existing phone numbers. By then the PSC staff & phone companies had joined my opposition to requiring half the state to change its area code. Postponing a decision is sometimes enough to win the argument.

In 2000 other citizens and I appealed a county decision to the county's Board of Zoning Appeals and won 2 months later. Soon thereafter the county drastically increased filing fees for those appeals, so another citizen and I appealed the increase to Circuit Court as unreasonable. We won 19 months after the case began.

In 2001 other citizens and I appealed another county decision. We lost at the county's Board of Zoning Appeals in a month, won at Circuit Court 10 months later, and lost at the WV Supreme Court 20 months later, 31 months for the whole process. Some other citizens' appeals have lasted even longer.

Opponent Tactics

Opponents almost always have lawyers who object to what you say, say you haven't served papers properly, aren't personally harmed (lack "standing" to sue), or have no expertise to testify about what you saw. They may depose you under oath, file court documents which you have to answer, and neglect to provide complete documents you're supposed to get.

Judges don't always agree with the other side, so keep going.

Legal Research

You can find a lot of [legal cases](#) on the Internet to help your [legal research](#). You can find a lot more at a [law library](#).

The printed laws in a library are full of footnotes saying how courts have interpreted each section. This is far more helpful than the bare legal text on the web. Printed law books are also available at County Clerks' offices and the Martinsburg/Berkeley County Public Library.

Law libraries also have [Shepard's Citations](#), which says which cases cite other cases, so if you find one relevant case you can see if more recent cases have expanded or overruled it.

Law schools, such as WVU & Georgetown, have bookstores full of textbooks on Civil Procedures, Evidence, Environmental Law, etc. The books will cover federal procedures, which are very similar to WV. The book store may sell used copies, or find them on the web.

Copyright © 2002-2016 Stewards of the Potomac Highlands, Inc. All rights reserved.