UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PAUL BURKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-CV-825 (CRC) |
| | ) | |
| U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

Defendant United States Department of Health and Human Services' ("HHS") filed its answer and motion to dismiss because Burke's "Notice of Dismissal of Complaint," ECF No. 8, was ineffective.

"'[T]he purpose of Rule 41(a)(1) [is] to provide a quick, *automatic* means of ending *an action*.'" *Amore v. Accor N. Am.*, 529 F. Supp. 2d 85, 91 (D.D.C. 2008) (emphasis added). "Rule 41(a)(1) provides a 'simple, self-executing mechanism,' whereby 'the plaintiff files a notice of dismissal[;] . . . the dismissal takes effect *automatically*[; and] the trial judge has no role to play at all.'" *Id.* at 90-91 (emphasis added); *see also Am. Ctr. for Civil Justice v. Ambush*, 49 F. Supp. 3d 24, 25-26 (D.D.C. 2014) (recognizing that "[a] joint stipulation under Rule 41(a)(1)(A)(ii) is *self-executing*; a separate court order is not required," and "[t]he case therefore was dismissed upon the filing of the parties' stipulation") (emphasis added).

Burke's complaint asserts a claim for costs. ECF No. 1 (Compl.) at 6. Burke "Notice of Dismissal of Complaint" was ineffective because it purported to dismiss "this case" with the condition that he reserves the right to move for costs (*i.e.*, excluded from dismissal his claim for

costs).[1] *See Amore*, 529 F. Supp. 2d at 91 ("[N]otices of dismissal must be unconditional."). The exclusion of Burke's claim for costs amounts to an impermissible conditional dismissal under Rule 41(a)(1).

Furthermore, Burke has not cited any case, let alone a case in this District, that supports his position that a plaintiff's claim for costs survives dismissal of a Freedom of Information Act ("FOIA") case where the dismissal was effectuated or purportedly effectuated by a plaintiff's notice of dismissal under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.[2]

"In the FOIA context, . . . once all the documents are released to the requesting party, there no longer is any case or controversy." *Bayala v. U.S. Dep't of Homeland Sec.*, No. 14-5279, 2016 WL 3524098, at *2 (D.C. Cir. June 28, 2016). "[A]s the D.C. Circuit has explained, however fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform." *Competitive Enter. Instit. v. U.S. Envtl. Prot. Agency*, No. 15-346 (ABJ), 2016 WL 355067, at *3 (D.D.C. Jan. 28, 2016) (internal quotation marks omitted). "On June 8, 2016, CMS released all responsive records to Mr. Burke without any redaction." ECF No. 11-1 (Gilmore Decl.) ¶ 19. As HHS anticipated,[3] this case became moot as of June 8, 2016. The Court lacked subject matter jurisdiction for this case as of June 8, 2016.

To the extent that Burke ever wishes to challenge whether HHS released all responsive documents for this FOIA request, he should have done so in his opposition to Defendant's

---

[1] ECF No. 8 (Pl.'s Notice of Dismissal of Compl.) at 1.

[2] Burke misplaces his reliance on *Citizens for Responsibility and Ethics in Washington v. U.S. Dep't of Justice*. *See* ECF No. 13 at 2. In that case, plaintiff filed a motion for voluntary dismissal by court order under Rule 41(a)(2), not Rule 41(a)(1)(A), and the Court's order excluded from dismissal plaintiff's claim for attorneys' fees and costs. *Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Justice*, No. 11-374 (CRC) (D.D.C.), ECF Nos. 57, 58.

[3] *See* ECF No. 5 (Def.'s Unopposed Mot. to Extend Time to File Resp. to Pl.'s Compl.) ¶ 4 ("Defendant anticipates that this case will become moot within the next week or two.").

motion to dismiss. He has not challenged the adequacy of HHS' search or release of records, and the Court should foreclose him from doing so at some unknown future date. *See* ECF No. 13 at 2 ("Plaintiff *currently accepts* Defendant's representation that there are no other responsive documents[.]") (emphasis added). Under these circumstances, the Court should dismiss this case *with prejudice*. *See Cueto v. Dir., Bureau of Immigration & Customs Enforcement*, 584 F. Supp. 2d 147, 149, 150 (D.D.C. 2008) (dismissing case with prejudice for lack of subject matter jurisdiction, where defendants "provid[ed] all the relief [plaintiff] sought in his complaint," which did not ask for fees or costs, and noting that "[a] desire to recover court costs and attorneys fees is 'insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim'").

As a final note, Burke argued, incorrectly, that Defendant's opposition to his motion for award of costs is untimely. *See* ECF No. 13 at 1 ("Defendant did not respond within 14 days to Plaintiff's July 11 Motion for Award of Costs, so Local Civil Rule 7(b) applies, 'the Court may treat the motion as conceded.'"). Three days are added after the period would otherwise expire "[w]hen a party may or must act within a specified time after service, and service is made under Rule . . . 5(b)(2)(E)." Fed. R. Civ. P. 6(d). Service under Rule 5(b)(2)(E) includes use of the Court's transmission facilities, if a local rule so authorizes. *See* Fed. R. Civ. P. 5(b)(3). Here, a local rule provides that an attorney or *pro se* party who obtains a CM/ECF password consents to electronic service of all documents, excluding the original complaint, that are electronically filed. Local Civ. R. 5.4(b)(6). On July 11, 2016, Burke served his motion for award of costs, ECF No. 9, using the Court's CM/ECF system, *i.e.*, the Court's transmission facilities for the purposes of Rule 5(b)(3). The default deadline for an opposing party to serve and file its opposition to a motion is "[w]ithin 14 days of the date of service." Local Civ. R. 7(b). The fourteenth day after

July 11, 2016 is July 25, 2016 but, because Burke served his motion via the Court's transmission facilities, three additional days were added to HHS' time to respond under Rule 6(d) and thus HHS' response was due by July 28, 2016. HHS timely filed its opposition to Burke's motion for costs on July 28, 2016. ECF No. 11.

## CONCLUSION

For the foregoing reasons and those more fully articulated in Defendant's moving brief, the Court should dismiss this case for lack of jurisdiction.

Dated: August 11, 2016

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
United States Attorney for the District of Columbia

DANIEL F. VAN HORN, D.C. Bar # 924092
Chief, Civil Division

By: /s/ Marsha W. Yee
MARSHA W. YEE
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
Telephone: (202) 252-2539
Facsimile: (202) 252-2599
Email: Marsha.Yee@usdoj.gov

*Counsel for Defendant*