UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL BURKE,<br><br>            Plaintiff,<br><br>            v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>            Defendant. | Case No. 16-cv-825 (CRC) |

## OPINION AND ORDER

In July 2013, Plaintiff Paul Burke filed a FOIA request with the Department of Health and Human Services ("HHS"), seeking insignia and other written notices that Medicare provides to certain healthcare providers to indicate their participation in the Medicare Shared Savings Program.[1] Compl., Ex. 1. Some 18 months later, the Centers for Medicare and Medicaid Services ("CMS"), which oversees Medicare, informed Burke that it had reviewed 17 documents that were responsive to his request, but that it was withholding all of them pursuant to FOIA Exemption 5's deliberative process privilege. Id., Ex. 2. After his administrative appeal of that determination had been pending with the agency for over a year, Burke filed suit in this Court on May 3, 2016. Id. CMS quickly responded with the release of all 17 documents on June 8, 2016. With the requested documents finally in hand, Burke filed a Motion for Partial Voluntary Dismissal and Award of Costs three days later. Thinking better of that approach, however,

---

[1] The Shared Savings Program, created by the Section 3022 of the Patient Protection and Affordable Care Act, Pub. L. No. 111-148, 124 Stat. 119 (2010), enables so-called Accountable Care Organizations to receive incentive payments for achieving cost-saving and quality-of-care goals established by CMS.

Burke followed up with a Notice of Voluntary Dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i), which permits a plaintiff to dismiss "an action" without a court order before the defendant has filed an answer or a summary judgment motion. The notice purports to dismiss "the case," yet reserves Burke's right to petition the Court for litigation costs should the parties' then-ongoing discussions on that issue prove fruitless. See Notice, ECF No. 8.

Burke is proceeding pro se, so his litigation costs consist only of the $400 fee he paid for filing his complaint. Remarkably, however, the parties have been unable to reach an agreement on the payment of costs and the final disposition of the suit. The government represents it offered to reimburse the fee, but says Burke refused to dismiss the case with prejudice as a condition of payment. As a result, the Court must consider Burke's Motion for Award of Costs, and the government's Motion to Dismiss and Opposition to Plaintiff's Motion for Costs. Given the low stakes, the Court will cut to the chase.

Burke's voluntary dismissal notice was defective because it did not purport to dismiss the entire "action" as contemplated by Rule 41(a)(1)(A)(i). The case thus remained open. It also continues to be a live controversy: Contrary to the government's argument, Def.'s Reply Mot. Dismiss ("MTD") at 2, CMS's release of all 17 responsive documents did not render the case moot, since Burke explicitly reserved his right to seek costs and never sought to dismiss that aspect of his request for relief. The Court will therefore deny the government's motion to dismiss the case for lack of subject matter jurisdiction on mootness grounds.

As to the merits of Burke's petition, the government all but concedes that he is *eligible* for an award of costs because CMS would not have released the documents but for this law suit. Def.'s MTD at 4 (inviting the Court to "assume arguendo" that Burke is eligible for fees). In assessing whether Burke is *entitled* to recoup his costs, the Court has wide latitude but should

2

consider at least three factors: (1) the public benefit derived from the case; (2) the nature of plaintiff's interest in the records, including any commercial interest; and (3) the reasonableness of the agency's withholding of the requested documents. See McKinley v. Fed. Hous. Fin. Agency, 739 F.3d 707, 711 (D.C. Cir. 2014). All of these factors weigh in favor of Burke. Regarding the first two, the record, while scant, indicates that Burke operates a non-profit website geared toward helping patients learn about various Medicare services. Decl. of Paul Burke, Mot. Award of Costs, Ex. 1, at ¶ 1. The information sought would provide at least some benefit to the website's users, and Burke's interest in the material appears to be non-pecuniary. The third factor points heavily in Burke's favor. The government explains that CMS preferred not to release the requested documents—and, apparently, gave Mr. Burke the run-around for nearly three years before finally doing so—because it feared that they could somehow be used to perpetrate Medicare billing fraud. Decl. of Hugh Gilmore, Def.'s MTD, Ex. A, at ¶ 12. That may or may not be a valid concern. But it has nothing whatsoever to do with FOIA Exemption 5's deliberative process privilege, which was the purported basis for withholding the documents. Indeed, the government does not even attempt to justify the withholding based on an interpretation of the claimed exemption. The Court thus seriously questions the reasonableness of CMS's withholdings, not to mention its delay in processing and deciding Burke's request. HHS must reimburse Mr. Burke the $400 filing fee.

Accordingly, it is hereby **ORDERED**, that [9] Plaintiff's Motion for Award of Costs is **GRANTED**;

It is further **ORDERED** that [11] Defendant's Motion to Dismiss for lack of subject matter jurisdiction **DENIED**.

It is further **ORDERED** that, Plaintiff's Complaint is **DISMISSED** with prejudice, as there is no further relief to be sought.

*Christopher R. Cooper*

_____
CHRISTOPHER R. COOPER
United States District Judge

Date: December 14, 2016